**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jimmie KENDALL, Defendant–Appellant.**

No. 88–3279.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 22, 1989 *.

Decided Oct. 12, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Scott A. Bruns, Yakima, Wash., for defendant-appellant.

Mark Bartlett, Asst. U.S. Atty., and Jerry Disking, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

PER CURIAM:

Jimmie Kendall appeals a conviction of one count of manufacturing methamphetamine, a substance controlled under Schedule II, 21 U.S.C. § 812, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), one count of distributing methamphetamine in violation of the same sections, and one count of carrying a firearm in the course of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). Kendall maintains the government's proof at trial varied from the charges in the indictment because the substance introduced into evidence, a powder form of methamphetamine, does not properly fall under Schedule II of 21 U.S.C. § 812, which addresses only methamphetamine in its injectable liquid form, but falls instead under Schedule III, which includes substances containing methamphetamine "except in injectable liquid."

■ The Attorney General, after proceedings required by 28 U.S.C. §§ 811(a) and 812(b), may add substances to section 812 schedules or transfer substances between those schedules. 21 U.S.C. § 811(a). Kendall contends the original rescheduling of all forms of methamphetamine to Schedule II, accomplished in 1971 by the Director of the Bureau of Narcotics and Dangerous Drugs ("BNDD"), see 36 Fed.Reg. 12734 (1971), was ineffectual because BNDD lacked authority at that time to reschedule controlled substances. He admits the Drug Enforcement Administration ("DEA") now has such authority, but argues they have never properly exercised it with respect to methamphetamine. *But see United States v. Jones,* 852 F.2d 1235, 1236–37 (9th Cir.1988); *United States v. Burnes,* 816 F.2d 1354, 1358–60 (9th Cir. 1987).

Whether or not DEA ever followed the procedures and made the findings required to reschedule methamphetamine, BNDD did so in 1971. *See* 36 Fed.Reg. 9563 (1971) (notice of hearing regarding proposed rescheduling); 36 Fed.Reg. 12734 (1971) (report of hearing and findings, order rescheduling methamphetamine). Notwithstanding Kendall's argument to the contrary, the Attorney General delegated to BNDD his authority over the scheduling of controlled substances. 28 C.F.R. § 0.100 (1971).[1]

■ We conclude methamphetamine was a Schedule II controlled substance as alleged, and the proof at trial did not vary

---

1. In 1971, 28 C.F.R. § 0.100 (1971) provided: "Subject to the general supervision of the Attorney General, the exercise of the powers and performance of the functions vested in the Attorney General by the Comprehensive Drug Abuse Prevention and Control Act of 1970 are assigned to, and shall be conducted, handled, or supervised by the Director of the Bureau of Narcotics and Dangerous Drugs."

from the allegations of the indictment in that respect.

AFFIRMED.