UNITED STATES of America, Plaintiff,

v.

Joseph Jay PICKREL, et al., Defendants.

No. CR 90–60026.

United States District Court, D. Oregon.

Oct. 15, 1990.

Robert J. McCrea, Charles Duncan, Eugene, Or., for James Robert Pickrel.

Brian Conry, Portland, Or., for Marven Broxson.

Richard Fredericks, Oakridge, Or., for Danny Endicott.

Deborah Dealy–Browning, for U.S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROBERT E. JONES, District Judge:

The defendants, joined by numerous defendants in past cases who are currently serving sentences imposed following their convictions on methamphetamine charges, have moved to dismiss the proceedings against them on the ground that methamphetamine is not validly listed as a controlled substance. The basis asserted for this position is that 21 U.S.C. § 811(g)(1) provides that a non-narcotic substance shall be excluded from a controlled substance schedule if, under the Food and Drug Act, it may be sold over-the-counter without a prescription; and that the Food and Drug Administration (FDA) has authorized the sale of Vicks nose spray, which contains an isomer of methamphetamine.

The defendants' position is essentially set forth in the defendants' proposed findings of fact and conclusions of law (attached). The court rejects these proposed findings and conclusions and finds that methamphetamine is properly classified as a Schedule II controlled substance pursuant to 21 C.F.R. § 1308.12(d). See *United States v. Kendall*, 887 F.2d 240 (9th Cir.1989); *United States v. Schrock*, 855 F.2d 327 (6th Cir.1988). The court further makes the following findings of fact and conclusions of law:

1. As set forth in 21 C.F.R. § 1308.22, the FDA approval of Vicks Inhalers (and other such sprays) includes a description of the potency of the ingredients. Any alterations of the form of the substance (e.g., changing its ingredients or increasing the potency) removes the product from the list of approved over-the-counter medications.

2. The defendants presented no expert testimony or other evidence in support of their position. The testimony of the government expert, as well as a reading of 21 C.F.R. § 1308.22, reveals that the Vicks Inhaler product contains a proportionally small amount of Desoxyephedrine (not to exceed a potency of 113 mg) which is an isomer of methamphetamine, in combination with other chemical compounds that comprise the product. In this diluted form, and in this product, the isomer does not present the potential for abuse that is presented by the controlled substance, methamphetamine. The FDA has not approved the methamphetamine isomer as an over-the-counter medication, but only the combination of ingredients that appears in Vicks Inhaler (or other approved nose sprays). Should the Desoxyephedrine isomer be isolated and extracted from the

nose spray, the resulting methamphetamine product would not be an FDA-approved drug but would instead constitute a distinctly different chemical product than the Vicks Inhaler approved by the FDA.

3. Thus, methamphetamine, its salts, isomers, and salts of its isomers is different and distinct from Vicks Inhalers and other approved nose sprays. Congress, by authorizing the FDA to approve such over-the-counter medication, neither expressly nor impliedly limited the ability of the Attorney General to classify methamphetamine as a controlled substance.

## APPENDIX

In the United States District Court

for the District of Oregon

Case No. 90–60026

United States of America, Plaintiff,

v.

Joseph Jay Pickrel, et al., Defendants.

## PROPOSED FINDINGS OF FACT/CONCLUSIONS OF LAW

### PROPOSED FINDINGS OF FACT

1. 21 U.S.C. § 811(g)(1) is a law of the United States.

2. 21 U.S.C. § 811(g)(1) requires the Attorney General of the United States to exclude otherwise controlled substances from the schedules under 21 U.S.C. § 812 et seq., by regulation if sold over the counter without prescription.

3. The Attorney General or his delegated representative by regulation excluded substances by regulation in regard to the common of Congress in 21 U.S.C. § 811(g)(1).

4. 21 C.F.R. § 1308.22 is the regulation and table of excluded substances made in response to the command of Congress in 21 U.S.C. § 811(g)(1).

5. Methamphetamine hydrochloride is listed in the table of excluded/excepted substances under 21 C.F.R. § 1308.22.

6. Desoxyephedrine is listed in the table of excluded/excepted substances under 21 C.F.R. § 1308.22.

7. Methamphetamine is sold over the counter without a prescription because of its exclusion under 21 C.F.R. § 1308.22, either in the hydrochloride form in Rynal or the liquid non-salt form as desoxyephedrine.

8. 21 U.S.C. § 812 et seq. in regard to stimulant substances refers in its introductory paragraph to "any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system."

9. 21 C.F.R. § 1308.12(d) in regard to stimulant substances refers to its introductory paragraph to "any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system."

10. 21 U.S.C. § 812 et seq. and 21 C.F.R. § 1308.12(d) allows a substance to be excluded from the schedules of controlled substances by the use of the term "excepted."

11. 21 C.F.R. § 1308.22 is the regulation which provides that methamphetamine by any name is excepted/excluded from the schedules of controlled substances.

### PROPOSED CONCLUSIONS OF LAW

A. The Attorney General or his delegated representative in 1973 has the authority to exempt controlled substances under the scope of the authority delegated to him, *United States v. Emerson*, 846 F.2d 541 (9th Cir.1988) at 548.

B. Pursuant to that authority, methamphetamine was exempted/excluded by agency regulation 21 C.F.R. § 1308.22 and must therefore override the written inclusion under 21 U.S.C. § 812 et seq. and 21 C.F.R. § 1308.12(d), since the Congress has spoken to the issue by statue, 21 U.S.C. § 811(g)(1), *Chevron U.S.A. v. National Resource Defense Counsel, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The court then and the government must give effect to the expressed intent of Con-

gress and the result of the agency regulations made in response.

C. The agency regulations and statutes for inclusion or exclusion or controlled substances have been repeatedly examined and found to be clear and unambiguous, and the agency is bound by them, *United States v. Spain*, 825 F.2d 1426 (10th Cir. 1987); *United States v. Caudle*, 828 F.2d 1111 (5th Cir.1987); *United States v. Emerson*, 846 F.2d 541 (9th Cir.1988), therefore the exclusion from the schedules of controlled substances of methamphetamine by 21 C.F.R. § 1308.22 was a lawful function of the Attorney General or the delegated authority of the Administrator of the Drug Enforcement Agency between 1973 and the present date 1990.

Therefore, since the excluded/excepted substance methamphetamine can not be a controlled substance and criminal liability cannot be applied to the actions alleged to have been performed by the defendant.

DATED this 7th day of October, 1990.

Respectfully submitted,
McCREA, P.C.
/s/Robert J. McCrea
Robert J. McCrea OSB # 56062
Attorney for Defendant
Joseph J. Pickrel