## UNITED STATES of America, Plaintiff–Appellee,

v.

## Kenneth Peter LANE, Defendant–Appellant.

### No. 90–5372
### Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 13, 1991.

David P. Cora and Alice Ann Burns, Asst. U.S. Attys., Miami, Fla., for the U.S.

Before JOHNSON, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Kenneth Peter Lane, a federal prisoner, is presently serving concurrent thirteen year sentences for (1) conspiracy to manufacture, possession with intent to manufacture, and possession with intent to distribute methamphetamine; and (2) attempt to manufacture, possession with intent to manufacture, and possession with intent to distribute methamphetamine. These sentences were set to run concurrently with another federal conviction. The court also levied a fifty dollar special assessment for each offense. The conviction was affirmed on appeal.

In the instant petition, Lane argues that his sentence should be corrected because methamphetamine was unlawfully reclassified as a Schedule II controlled substance when it is really a Schedule III controlled substance. He also raises a claim that the imposition of the special assessment was unconstitutional. The district court sum-

---

marily denied the petition, finding that methamphetamine was a Schedule II controlled substance and that the special assessment was constitutionally imposed.

The government maintains that the petition should be dismissed as an abuse of the writ, Lane having filed previous petitions under 28 U.S.C. § 2255. However, the district court has discretion to consider such a petition on the merits.[1] Because the district court properly exercised this discretion, the merits of the appeal will be reviewed.

## I.

Appellant's claim that methamphetamine was improperly reclassified by the Attorney General is meritless. Appellant asserts that the Attorney General, who delegated his powers of reclassification to the Bureau of Narcotics and Dangerous Drugs (BNDD), failed to follow the statutory guidelines for reclassification.[2] These guidelines require the consideration of eight factors, as well as the input of the Secretary of Health and Human Services (HHS). Appellant now claims that neither the eight factors nor input from HHS was considered. However, a recent case has addressed this precise issue:

> On May 26, 1971, the director of the Bureau of Narcotics and Dangerous Drugs (BNDD) published a notice in the Federal Register of the proposed transfer of amphetamine and methamphetamine, their salts, optical isomers, and salts of their optical isomers from Schedule III to Schedule II. (36 Fed.Reg. 9653 (1971) Addendum, pp. 1–2) The director further stated that the proposed transfer was based upon the investigation of his agency "... and upon the scientific and medical evaluation and recommendation

of the Secretary of [HHS], received pursuant to Sec. 210(b) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 811(b))." The director then enumerated his findings as required by § 812(b)(2): that methamphetamine has a high potential for abuse; that it has a currently accepted medical use, with severe restrictions; and, that the abuse of this substance might lead to severe psychological dependence.[3]

We agree with the Eighth Circuit that the Attorney General and the BNDD followed the proper procedures in reclassifying methamphetamine.[4]

## II.

Appellant's second claim is that the statute[5] providing for the imposition of special assessments is unconstitutional. He relies on a Ninth Circuit case that held this law to be an unconstitutional revenue raising measure.[6] However, the Supreme Court reversed this case, holding the special assessment act to be constitutional.[7]

## III.

Finding no merit in either of appellant's claims, we AFFIRM the district court's denial of relief.

---

1. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

2. *See* 21 U.S.C. § 811(a)–(c).

3. *United States v. Roark,* 924 F.2d 1426, 1429 (8th Cir.1991).

4. *See also United States v. Kendall,* 887 F.2d 240, 241 (9th Cir.1989) (BNDD followed proper procedures in reclassifying methamphetamine);

*United States v. Roya,* 574 F.2d 386, 392–93 (7th Cir.) (same), *cert. denied,* 439 U.S. 857, 99 S.Ct. 172, 58 L.Ed.2d 165 (1978).

5. 18 U.S.C. § 3013.

6. *United States v. Munoz–Flores,* 863 F.2d 654, 661 (9th Cir.1988).

7. *United States v. Munoz–Flores,* —— U.S. ——, 110 S.Ct. 1964, 1974, 109 L.Ed.2d 384 (1990).