967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Rodger PUTNEY, Defendant-Appellant.
 No. 91-15810.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Rodger Putney, a federal prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. § 2255 motion. We review de novo, United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989), and we affirm.
 
 
 3
 A district court may dismiss a section 2255 motion summarily "[i]f it plainly appears from the face of the motion and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. The district court need not hold an evidentiary hearing when the movant's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985).
 
 
 4
 In 1989, Putney pleaded guilty to one count of manufacturing methamphetamine. In his section 2255 motion, Putney alleged that methamphetamine was not properly classified as a Schedule II controlled substance because its administrative transfer from Schedule III was defective.
 
 
 5
 Putney waived this claim by pleading guilty. See United States v. Broce, 109 S.Ct. 757, 765 (1989) (defendant who enters a voluntary and intelligent plea upon advice of competent counsel cannot collaterally attack the validity of the plea); United States v. Mathews, 833 F.2d 161, 163-65 (9th Cir.1987) (same). Moreover, Putney's claim already has been rejected by this court. See United States v. Kendall, 887 F.2d 240, 241 (9th Cir.1989) (transfer of methamphetamine from Schedule III to Schedule II was valid). Accordingly, the district court correctly dismissed Putney's section 2255 motion without holding an evidentiary hearing. See Marrow, 772 F.2d at 526; Rule 4, Rules Governing Section 2255 Proceedings.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3