982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas R. SHANLEY, Defendant-Appellant.
 No. 92-3182.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is an appeal of the district court's denial of habeas corpus relief under 28 U.S.C. § 2255. In 1989, the petitioner was convicted and sentenced in the United States District Court for the District of Kansas for possession of methamphetamine with intent to distribute, and for carrying a firearm during and in relation to a drug trafficking crime. He raises three issues on appeal: (1) whether his due process rights were violated when he was prosecuted in federal rather than state court; (2) whether his due process rights were violated when evidence was admitted at trial that was the fruit of an allegedly pretextual stop and search of his vehicle; and (3) whether his due process rights were violated when he was sentenced for possession of a Schedule II drug under 21 U.S.C. § 801 et seq. We find these claims to be without merit and affirm the district court's denial of habeas relief.[1]
 
 
 3
 The petitioner first contends that he was denied due process when the state police officers who arrested him referred his case to the federal prosecutor. The law regarding the referral of cases by law enforcement officials to prosecutors is now well established in this circuit. " 'In the absence of proof that the choice of forum was improperly motivated or based on an impermissible classification as a matter of constitutional law,' prosecution in a federal rather than a state court does not violate due process despite the absence of guidelines for such referral." United States v. Williams, 963 F.2d 1337, 1342 (10th Cir.1992). See also United States v. Maxwell, 966 F.2d 545, 549 (10th Cir.1992); United States v. Morehead, 959 F.2d 1489, 1498-99 (10th Cir.1992); United States v. Anderson, 940 F.2d 593, 597 (10th Cir.1991). This is equally true where referrals are made by state police not acting as part of a task force. Maxwell, 966 F.2d at 546, 549. In the instant case the petitioner has not alleged that an improper motive or classification was the basis of the decision to prosecute in federal court, nor has he offered any tangible evidence which questions the independence of the prosecutorial decision. Therefore, we find the claim to be without merit.
 
 
 4
 The petitioner's second contention is that the police made a pretextual stop and search of his car in violation of his due process rights. He claims that because he was never given a ticket for his traffic offenses, the stop was pretextual. However, the record reveals that the officer issued him warnings for speeding and failure to signal. The petitioner also asserts that when the officer searched his car for alcohol, the officer merely engaged in a "fishing expedition." The record does not support the petitioner's contention; it reveals that alcohol was detected on the petitioner's breath. Moreover, the petitioner signed a consent form for the search of his vehicle.
 
 
 5
 The petitioner would also have us consider the voluntariness and scope of his consent. However, Shanley's car was searched after he was lawfully arrested for driving without insurance, a valid ground for arrest under Kansas law. See Kan.Stat.Ann. §§ 22-2401(c)(2), 40-3104(e) (1988 & 1989 Supp.). Therefore the evidence was admissible irrespective of Shanley's consent, or the scope of that consent, because it was the result of a search of the passenger compartment of a vehicle incident to a lawful arrest. New York v. Belton, 453 U.S. 454, 459-61 (1980).
 
 
 6
 The petitioner's third contention is that his due process rights were violated when he was sentenced for possession of methamphetamine, which the petitioner alleges was erroneously considered to be a Schedule II drug under 21 U.S.C. § 801 et seq. Methamphetamine was reclassified as a Schedule II drug in 1971 following a lawful delegation of the Attorney General's powers set out in 21 U.S.C. § 811(a). 28 C.F.R. § 0.100 (1971). This included methamphetamine in liquid and powder form. United States v. Kendall, 887 F.2d 240, 241 (9th Cir.1989). All forms of methamphetamine were clearly classified as a Schedule II drug when Stanley was arrested in 1988. See United States v. Zamora, 784 F.2d 1025, 1030 (10th Cir.1986); see also United States v. Kinder, 946 F.2d 362, 368 (5th Cir.1991). Therefore, the petitioner's argument is without merit.
 
 
 7
 Accordingly, we AFFIRM the district court's Memorandum and Order of May 7, 1992 denying the petitioner's motion for habeas corpus relief.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In order for a petitioner to maintain a successful § 2255 action he must show cause and prejudice as to why he did not raise those issues on direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982). Here we find that the petitioner failed to meet his burden under Frady. The issues of cause and prejudice were only argued with respect to the claim of a pretextual search of the petitioner's vehicle. We find that the mere allegations that the petitioner was unaware of the case law supporting his claim and that he would not have been prosecuted without the evidence is insufficient to show cause and prejudice under Frady
 However, in the instant case, neither the government nor the district court addressed the Frady bar. According to Hines v. United States, this court in its discretion can raise the issue sua sponte where the "transcendent interests served by that defense warrant it." 971 F.2d 506, 509 (10th Cir.1992). In this case, we chose not to raise the matter sua sponte but instead proceed to the merits.