26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Warren SMITH, a/k/a James Irvin Potts, Defendant-Appellant.
 No. 93-55827.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided June 7, 1994.
 
 1
 Before: BROWNING, and FLETCHER, Circuit Judges, and FITZGERALD,** District Judge
 
 
 2
 MEMORANDUM***
 
 I. Ineffective Assistance of Counsel
 
 3
 Counsel's representation did not fall below an objective standard of reasonableness or result in prejudice. See Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.
 
 A. Vasquez Lane Search
 
 4
 Smith's counsel submitted an affidavit to the court stating she did not move to suppress the evidence because such a motion would have been frivolous. See Lowry v. Lewis, No. 93-15267, 1994 WL 113310 (9th Cir.1994) (counsel not required to file a motion which she knows is meritless on the facts and law). We have reviewed the record and agree with counsel's assessment. Smith's codefendant, who was present during the state court proceedings, did not move to suppress the evidence or challenge the informant's reliability during the trial. The search warrant was supported by probable cause. See United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990) (magistrate need only conclude it would be reasonable to look for evidence of wrongdoing in the place indicated in the affidavit). Even if counsel's performance were deficient, Smith did not establish prejudice. See United States v. Leon, 468 U.S. 897 (1984) (evidence admissable where police reasonably relied on a warrant issued by a detached and neutral magistrate even though warrant was invalid).
 
 B. Lassen Street Search
 
 5
 The search warrant was supported by probable cause without Agent Bratten's statements. See United States v. Ippolito, 774 F.2d 1482, 1485 (9th Cir.1985) (reviewing court should set aside false statements and then determine whether affidavit's remaining content is sufficient to establish probable cause). Other officers had seen weapons inside the Lassen Street house when the arrest warrant was executed. See United States v. Underwood, 717 F.2d 482, 486 (9th Cir.1983) (en banc) (seizure of weapons in plain view without a search warrant valid when police entered residence with arrest warrant). The police knew Smith possessed 21 guns when he was arrested at the Vasquez Lane house, and Smith threatened to shoot police when they tried to arrest him at the Lassen Street house. United States v. Greany, 929 F.2d 523, 525 (9th Cir.1991) (probable cause exists when facts are sufficient to justify conclusion that property that is subject to the search is probably on the premises).
 
 C. Discovery Request
 
 6
 The government asserts it fully complied with the informal discovery request of Smith's counsel and Smith made no showing to the contrary. Since Smith did not identify any evidence or witnesses the government failed to disclose, he failed to establish prejudice.
 
 D. Trial
 
 7
 Smith's claim that his counsel failed to investigate the facts or confer with Smith lacks merit. Counsel submitted, and the court approved, a voucher for a private investigator. Counsel's cross-examination of witnesses reflected familiarity with the facts. Smith testified in support of the "personal use" defense and provided counsel with the names of witnesses to support it. Even if Smith does not now agree with the defense, a reasonable tactical decision by counsel cannot form the basis of an ineffective assistance claim. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 8
 Counsel's failure to question Ken Tillman about the ownership of the gun in the attic did not prejudice Smith. "Neither the ownership of the firearm nor the primary noncriminal use to which the firearm is typically put is relevant" because Smith was charged with using or carrying a firearm during a drug trafficking offense. United States v. Smith, 962 F.2d 923, 931 (9th Cir.1992).
 
 
 9
 There was no basis for an objection to the admission of the powdered methamphetamine or the disassembled silencer. The district court found both the drugs and silencer to be authentic. Smith has not shown otherwise. Failure to make an objection that would be overruled is not ineffective assistance of counsel. See United States v. Steele, 785 F.2d 743, 750 (9th Cir.1986).
 
 
 10
 We have also examined Smith's claims that his counsel did not know the Federal Rules of Evidence, failed to ask leading questions, failed to object to leading questions on direct examination, failed to view the government's diagram of the Vasquez house prior to trial, failed to challenge the jury instructions, failed to appear and argue the motion to dismiss, and failed to object to a sleeping juror, and reject them for the reasons stated in the district court's detailed order.
 
 II. Sentencing
 
 11
 Powder methamphetamine is a Schedule II Controlled Substance. United States v. Kendall, 887 F.2d 240, 241 (9th Cir.1989).
 
 III. Evidentiary Hearing
 
 12
 The district court did not abuse its discretion by denying Smith's request for an evidentiary hearing. The alleged factual disputes all arise in connection with Smith's claim of ineffective assistance of counsel and he has failed to establish prejudice as a result of counsel's representation. See United States v. Birtle, 792 F.2d 846, 849 (9th Cir.1986).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 The parties are familiar with the facts and legal arguments and we will not repeat them here. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3