29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmie L. KENDALL, Defendant-Appellant.
 No. 93-35848.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie L. Kendall, a former federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence for manufacturing methamphetamine, distributing methamphetamine, and carrying a firearm during a drug trafficking crime. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we review de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1991). We affirm.
 
 
 3
 Kendall first contends that his convictions are invalid because methamphetamine in other than liquid form was never properly redesignated as a Schedule II drug. Therefore, he argues, methamphetamine remains a Schedule III drug, and he was improperly convicted of the charged crimes.
 
 
 4
 Kendall has previously raised this argument, albeit in slightly different form, on direct appeal. See United States v. Kendall, 887 F.2d 240 (9th Cir.1989) (per curiam). On direct appeal, Kendall argued that the Attorney General never properly delegated the authority to reschedule methamphetamine to the Bureau of Narcotics and Dangerous Drugs (BNDD). We held that the requisite authority was so delegated, and that the BNDD made the required findings to reschedule methamphetamine as a Schedule II drug. Id. at 241. Therefore, we held that Kendall's argument, based on a variance between the indictment and the proof at trial, failed. Id. at 241-42.
 
 
 5
 Here, Kendall concedes that the BNDD was vested with the authority to reschedule methamphetamine, but argues that the BNDD did not follow the required procedures to do so.[1] This argument was rejected in Kendall's direct appeal. Id. at 241 ("Whether or not DEA ever followed the procedures and made the findings required to reschedule methamphetamine, BNDD did so in 1971").[2] Accordingly, Kendall cannot relitigate this claim in a section 2255 motion. See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985) (per curiam).
 
 
 6
 Kendall contends that the government seized $3,300 from him in an administrative forfeiture without providing him an adversarial hearing. Kendall argues that this forfeiture violated his Sixth Amendment rights by denying him the monetary ability to retain counsel of his choice. This argument has been rejected by the Supreme Court. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 632-33 (1989).[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Kendall contends taht the BNDD did not properly seek or utilize a scientific and medical evaluation of methamphetamine by the Secretary of Health and Human Services in making its rescheduling decision
 
 
 [2]
 Other circuits have held similarly. See United States v. Sullivan, 967 F.2d 370, 372-74 (10th Cir.) (rejecting argument that BNDD did not follow designated procedures in rescheduling methamphetamine), cert. denied, 113 S.Ct. 285 (1992), and cert. denied, 113 S.Ct. 1013 (1993); United States v. Roark, 924 F.2d 1426, 1429 (8th Cir.1991) (describing procedures followed by BNDD)
 
 
 [3]
 To the extent that Kendall is challenging the forfeiture itself, as opposed to the alleged unconstitutional effect of the forfeiture on his trial and conviction, we find such a claim is not cognizable in a section 2255 motion. See 28 U.S.C. Sec. 2255; United States v. Wilcox, 640 F.2d 970, 972 (9th Cir.1981) (collateral attack on sentence is limited to claims that the sentence imposed is unconstitutional, the district court lacked jurisdiction to impose the sentence, the sentence exceeds the statutory maximum, or the sentence is otherwise subject to collateral attack)