**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Glen Ray ALCORN, Defendant–**
**Appellant.**

No. 99–6565.

United States Court of Appeals,
Sixth Circuit.

Sept. 4, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges, MCKEAGUE,* District Judge.

## ORDER

Defendant Alcorn has moved for rehearing of his claims on appeal from the United States District Court for the Middle District of Tennessee. The court grants defendant's motion insofar as defendant seeks rehearing on his *Apprendi* claim. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The court denies rehearing on all other issues.

Defendant Alcorn was convicted by a jury of three counts of drug related offenses violating 21 U.S.C. §§ 846 and 841(a)(1). The jury did not return any finding as to the quantity of drugs involved in the offenses. The district court adopted the findings of the Presentence Report and found, by a preponderance of the evidence, that defendant's offense involved quantities of methamphetamine, hydromorphone and morphine equivalent to 2112.18 kilograms of marijuana. The district court assigned a base offense level of 32 pursuant to the sentencing guidelines drug quantity table. U.S.S.G. § 2D1.1(c)(4). The district court enhanced defendant's base offense level for firearm possession and because defendant is a career offender under U.S.S.G. § 4B1.1. Thus, defendant's base offense level was 37 with a criminal history category of VI which resulted in a range of 360 months to life under the Sentencing Guidelines. Relying on the career criminal provision in 21 U.S.C. § 841(b)(1)(A) which requires that "[i]f any person commits a violation of this subparagraph ... after two or more prior convic-

tions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release," the district court sentenced defendant to life without parole.

■■■ Defendant challenges his sentence under *Apprendi*, arguing that the district court could not increase defendant's statutory maximum penalty based on a drug quantity without a jury determination of that drug quantity. The government concedes that:

> The defendant's sentences of life imprisonment on Counts 1 and 2 depended on a finding that the offenses involved at least 5 grams of methamphetamine. Because that finding was made by the sentencing court by a preponderance of the evidence and not by the jury beyond a reasonable doubt, imposition of a sentence of more than 30 years' imprisonment on each count was error under *Apprendi*.

(Gov't Br. 5.) The government argues, however, that because defendant failed to raise his *Apprendi* objection before the district court, he waived the issue, and that this court is limited to review for clear error. Fed.R.Crim.P. 52(b).[1] The court may correct an error pursuant to Rule 52(b) only if there is an error that is "plain" or "clear" under current law and that affects substantial rights. *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). In such a case, the court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467, 117 S.Ct. 1544. The

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

1. The panel did not rule on the *Apprendi* issue in its original disposition of this case because, although defendant filed a pro se motion before argument, the panel did not receive it

until the petition for rehearing was filed. According to the Clerk's Office, the motion was sent to the panel originally assigned to this case. When the current panel was substituted, the *Apprendi* motion was inadvertently not forwarded to the new panel.

government contends that even if the district court sentenced defendant on each count in accordance with the appropriate 30 year maximum in 21 U.S.C. § 841(b)(1)(C), it would be required to sentence consecutively for a total of 90 years.[2] Because defendant is now forty-one years old, a 90 year sentence is not appreciably different from a life sentence and does not satisfy the standard for plain error review.

The government relies on U.S.S.G. § 5G1.2 which provides guidance for sentencing defendants convicted of multiple counts:

> (d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

The Sixth Circuit has previously addressed this provision in a case in which the defendants were convicted of conspiracy and of separate counts of distribution and/or possession of crack cocaine. *United States v. Page*, 232 F.3d 536, 544 (6th Cir.2000). In *Page*, this court acknowledged the government's position that "[r]ather than running the sentences concurrently, the Sentencing Guidelines would require that the sentence imposed on one or more of the substantive counts run consecutive to the sentence on the conspiracy count." *Id.* The court went on to explain that:

> At first blush, *Apprendi* appears to foreclose this argument. In rejecting a similar argument, the Court stated:
>
> > [T]he state has argued that even without the trial judge's findings of racial bias, the judge could have imposed consecutive sentences on counts 3 and 18 that would have produced the 12-year term of imprisonment that Apprendi received; Apprendi's actual sentence was thus within the range authorized by statute for the three offenses to which he pleaded guilty.... The constitutional question, however, is whether the 12-year sentence imposed on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count. The finding is legally significant because it increased ... the maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10-year sentence on the count into a minimum sentence. The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining counts.
>
> *Apprendi* 120 S.Ct. at 2354. However, the decision in *Apprendi* was not limited

---

**2.** The district court found, by a preponderance of the evidence, that the quantity of drugs involved in counts 1 and 2, charging defendant with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, was 162.09 grams of methamphetamine. The district court concluded, by a preponderance of the evidence, that the quantity of drugs relevant to count 3, charging possession with intent to distribute in violation of 21 U.S.C. § 841, was 49 grams of methamphetamine, 693 milligrams of hydromorphone, and .96 grams of morphine. Because no findings of quantity were made by the jury, however, under *Apprendi*, the district court is limited on each count by the statutory maximum penalty found in § 841(b)(1)(C), which does not require any minimum quantity of drugs. Thus, because defendant has a prior felony drug conviction, the maximum penalty for each count, under §§ 846, 841(b)(1)(C), is thirty years. If consecutive terms were mandated here, three consecutive thirty year terms would constitute a ninety year term.

by the standard of review for plain error. On review for plain error, we must determine whether the sentencing error prejudiced defendants and whether it seriously affects the fairness, integrity, or public reputation of the district court proceedings.

*Page,* 232 F.3d at 544–45. The *Page* court concluded that the district court impermissibly sentenced defendant based on its own preponderance of the evidence drug quantity determination and that each defendant had been sentenced to a term of imprisonment exceeding the applicable 20 year maximum set forth in § 841(b)(1)(C). The court further held, however, that remand was unnecessary, under a plain error standard, because "[r]ather than running the sentences concurrently, the Sentencing Guidelines would require that the sentence imposed on one or more of the substantive counts run consecutive to the sentence on the conspiracy count, to the extent necessary to produce a combined sentence equal to the total punishment." *Page,* 232 F.3d at 544.

In an unpublished decision relying on *Page,* the Sixth Circuit again addressed this issue and held, in an identical situation, that there was no plain error. The court explained:

> Here, [defendant's] sentence of 292 months' imprisonment exceeds the maximum sentence under § 841(b)(1)(C) of 20 years. Like the defendants in *Page,* however, he also was convicted under § 846, which carries a maximum penalty of 20 years. Even if Taylor was resentenced in light of *Apprendi,* the sentence for each charge would run consecutively until reaching 292 months, and thus his overall sentence would not change. Therefore, *Apprendi* error did not prejudice [defendant] and affected no substantial right.

*United States v. Taylor,* 9 Fed.Appx. 465 (6th Cir.2001).

U.S.S.G. § 5G1.2(d) requires consecutive sentencing up to the "total punishment." Although not explicitly defined in the guidelines, the prior Sixth Circuit cases discussed above have interpreted "total punishment" as the maximum sentence under the guidelines for the quantity of drugs determined by the judge by a preponderance of the evidence. For example, after concluding that defendant's original 292 month sentence violated *Apprendi,* the *Taylor* court used the 292 month calculation as the "total punishment" measure in applying U.S.S.G. § 5G1.2(d). *Taylor,* 2001 WL 549417 at *6. Thus, defendant's sentences would be consecutive, the court held, up to 292 months (292 months was the lower limit of the applicable guideline range for the amount of drugs found by the judge). The present case is identical to *Page* in all relevant respects and this court's application of U.S.S.G. § 5G1.2 is controlled by *Page.*

■ In the present case, the jury made no drug quantity determination. Under *Apprendi,* defendant's sentence on each count is therefore limited by the maximum statutory penalty in 21 U.S.C. § 841(b)(1)(C) which does not specify any drug quantity. That maximum penalty, for a defendant with a prior drug felony conviction, is 30 years. Under the Sentencing Guidelines, with no specific finding of drug quantity, defendant falls within offense level 34 and criminal history category VI as a result of the career offender provision, § 4B1.1. The sentencing range applicable to defendant on each count is thus 262 to 327 months. Because the district court has discretion to sentence within that range (or to make valid departures), we remand the case to the district court for sentencing on each individual count.

In addition, under *Page*, the individual sentences on each count should then be applied consecutively up to the "total punishment" limit as defined in § 5G1.2. Based on the district court's original determination that defendant's sentencing range fell at the intersection of offense level 37 and criminal history category VI, the "total punishment" limit for consecutive sentences is defined by the 360 months to life range. The use of that range as the limit in § 5G1.2 has not been explicitly outlined by this court, but we conclude that under the Sentencing Guidelines a district court is required to sentence consecutively up to the lower limit of the applicable sentencing range. The district court then has discretion to sentence consecutively up to the upper limit of the range but cannot sentence consecutively beyond the upper limit. Thus, on remand, the district court is required to impose its three sentences consecutively up to 360 months and then to exercise its discretion in determining whether to sentence consecutively beyond the 360 month lower limit of the guideline up to the upper limit (life) but not to exceed the total sentence for the three counts for the total amount of drugs it found.

The case is remanded for resentencing in accordance with this opinion. In all other respects the petition for rehearing is denied.