**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glenn Ray ALCORN, Defendant–
Appellant.**

No. 02–6296.

United States Court of Appeals,
Sixth Circuit.

March 9, 2004.

**38**

---

William Cohen, Asst. U.S. Attorney, Robert Anderson, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Plaintiff–Appellee.

Michael V. Thompson, Rubenfeld & Associates, Nashville, TN, for Defendant–Appellant.

Glenn Ray Alcorn, Jonesville, VA, pro se.

Before MARTIN, RYAN,[*] and MOORE, Circuit Judges.

RYAN, Circuit Judge.

Glenn Ray Alcorn was convicted in federal district court of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to 292 months of imprisonment.

We are asked to decide:

(1) whether the U.S. Attorney General's redesignation of non-injectable methamphetamine as a Schedule II drug was made pursuant to an unconstitutional delegation of legislative authority;

(2) whether the fact of a prior felony conviction must be submitted to a jury and proved beyond a reasonable doubt before it may be used to enhance a defendant's statutory maximum sentence; and

(3) whether, in a prosecution for a violation of 21 U.S.C. § 841(a)(1), it is an element of the crime that the defendant's conduct affected interstate commerce.

We answer all three questions in the negative and, therefore, we shall AFFIRM the judgment of the district court.

I.

In 1998, a federal grand jury indicted Alcorn on two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. A trial jury returned a verdict of guilty on all three counts and did not make any special finding as to the quantity of drugs involved in the offenses.

At sentencing, the district court adopted the presentence report (PSR) as its findings of fact and found, by a preponderance of the evidence, that Alcorn's offense involved quantities of methamphetamine, hydromorphone, and morphine equivalent to 2, 112.18 kilograms of marijuana. The court also found that Alcorn possessed a firearm at the time of his arrest and had previously been convicted of two felonies. He was sentenced to life imprisonment without parole.

In light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), this court vacated Alcorn's sentence and remanded for resentencing because the district court improperly increased the sentence beyond the statutory maximum based on a factor (drug quantity) that was

---

[*] Although Judge Ryan was not present for the oral argument in this appeal, he otherwise fully participated in the case and has listened with care to the tape recorded oral arguments.

not submitted to the jury and proved beyond a reasonable doubt. *United States v. Alcorn,* 27 Fed.Appx. 317 (6th Cir.2001). We held that the sentencing range for Alcorn's crimes was between 262 and 327 months. *Id.* at 320. On remand, the district court resentenced Alcorn to 292 months of imprisonment.

## II.

A constitutional challenge to a sentence raises a question of law, which this court reviews *de novo. United States v. Lloyd,* 10 F.3d 1197, 1220 (6th Cir.1993).

## III.

Alcorn contends that his 292–month sentence for crimes involving a Schedule II controlled substance was wrong because his crimes involved non-injectable methamphetamine, which is listed as a Schedule III drug under 21 U.S.C. § 812(c), and carries a lighter sentence. Alcorn concedes that the Attorney General redesignated non-injectable methamphetamine as a Schedule II drug, but he claims that this redesignation was a legislative act in violation of the constitutional separation of powers.

When the U.S. Congress passed the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801–971, it classified non-injectable methamphetamine as a Schedule III drug, 21 U.S.C. § 812(c) (Schedule III)(a)(3). However, Congress also authorized the Attorney General to "transfer between such schedules any drug or other substance...." 21 U.S.C. § 811(a)(1). Before making such a transfer, or redesignation, the Attorney General was required to consider the following factors as they relate to the substance:

(1) Its actual or relative potential for abuse.

(2) Scientific evidence of its pharmacological effect, if known.

(3) The state of current scientific knowledge regarding the drug or other substance.

(4) Its history and current pattern of abuse.

(5) The scope, duration, and significance of abuse.

(6) What, if any, risk there is to the public health.

(7) Its psychic or physiological dependence liability.

(8) Whether the substance is an immediate precursor of a substance already controlled under this subchapter.

21 U.S.C. § 811(c). The Attorney General was also required to request from the Secretary of Health and Human Services a scientific and medical evaluation of any redesignation as well as the Secretary's recommendations. 21 U.S.C. § 811(b). Finally, a redesignation under the drug schedules must comply with the general rule-making provisions of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559. In 1974, the Attorney General redesignated non-injectable methamphetamine as a Schedule II controlled substance. *See United States v. Schrock,* 855 F.2d 327, 332 (6th Cir.1988); 21 C.F.R. § 1308.12(d)(2) (2003).

Alcorn does not allege that the Attorney General failed to comply with the requirements of the APA or the Comprehensive Drug Abuse Prevention and Control Act of 1970 when he redesignated non-injectable methamphetamine as a Schedule II drug. Rather, his sole contention is that the Attorney General's redesignation is unconstitutional because it is "legislating by the executive branch." As phrased by Alcorn, this statement is a challenge to Congress's delegation of rule-making authority to the Attorney General.

It is a well-settled rule of constitutional law that Congress may delegate rule-making authority to coordinate branches of government so long as it " 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.' " *Mistretta v. United States*, 488 U.S. 361, 372, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409, 48 S.Ct. 348, 72 L.Ed. 624 (1928)). The Comprehensive Drug Abuse Prevention and Control Act of 1970 contains such an intelligible principle in 21 U.S.C. § 811(c), which requires the Attorney General to consider eight factors before redesignating any drug. Further limitations on the Attorney General's authority are contained in 21 U.S.C. § 811(b), which requires him to obtain a scientific and medical recommendation from the Secretary of Health and Human Services regarding any redesignation. These detailed guidelines provide sufficient direction from Congress to render the delegation of rule-making authority in 21 U.S.C. § 811(a)(1) a constitutional exercise of Congress's delegation power.

■ This court held in *Schrock* that the redesignation of non-injectable methamphetamine as a Schedule II drug was made "[p]ursuant to the authority granted by Congress in section 811, and in conformity with the procedural requirements...." 855 F.2d at 332. Although the defendant in *Schrock* did not raise the same constitutional challenge that Alcorn raises here, we conclude that Congress's delegation of rule-making authority to the Attorney General in 21 U.S.C. § 811(a)(1) is not a violation of the constitutional separation of powers. In doing so, we join our sister circuits that have already found this delegation of authority to be constitutional. *See United States v. Gori*, 324 F.3d 234, 240 (3d Cir.2003); *United States v. Kinder*, 946 F.2d 362, 368 (5th Cir.1991); *United States v. Lane*, 931 F.2d 40, 41 (11th Cir.1991) (*per curiam*); *United States v. Roark*, 924 F.2d 1426, 1428–29 (8th Cir. 1991); *United States v. Kendall*, 887 F.2d 240, 241–42 (9th Cir.1989) (*per curiam*).

## IV.

Alcorn's second assignment of error is that the sentence he received violates the constitutional guarantees of due process and the right to a jury trial because it was enhanced based on prior felony convictions that were not charged in the indictment and proved beyond a reasonable doubt to a jury.

■ This claim is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), in which the Supreme Court held that a defendant's prior felony convictions are merely sentencing factors, which are not required to be charged in the indictment and proved beyond a reasonable doubt to a jury. *Id.* at 247, 118 S.Ct. 1219. The holding in *Almendarez–Torres* was confirmed in *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, where the Supreme Court stated: *"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348 (emphasis added). As we stated in a case interpreting *Almendarez–Torres* and *Apprendi, "Almendarez–Torres* ... establishes an exception to *Apprendi* so that the prior conviction used to enhance [a defendant's] sentence is not required to be proved beyond a reasonable doubt." *United States v. Aparco–Centeno*, 280 F.3d 1084, 1088 (6th Cir.), *cert. denied*, 536 U.S. 948, 122 S.Ct. 2638, 153 L.Ed.2d 818 (2002). The fact that Alcorn has two prior

felony convictions is a sentencing factor and not an element of the crimes of which he was convicted—possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine. Therefore, his prior convictions need not be proved to a jury beyond a reasonable doubt in order for such convictions to serve as the basis for a sentence enhancement.

## V.

Finally, Alcorn asserts that his indictment was constitutionally defective because it did not allege that his crimes affected interstate commerce, which, he claims, is an essential element of an alleged violation of 21 U.S.C. § 841(a)(1).

Section 841(a)(1) makes it a crime "knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...." This court has already held that proof that a defendant's conduct affected interstate commerce is not an element of the crime of possession with intent to distribute a controlled substance. *United States v. Scales,* 464 F.2d 371, 373 (6th Cir.1972). Therefore, the fact that the indictment fails to mention this factor does not render either Alcorn's indictment or his conviction defective.

## VI.

For the foregoing reasons, the judgment of the district court is AFFIRMED.