**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeremy Shane TURNER, Defendant–Appellant.**

No. 05–30452.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Filed June 26, 2006.

** The Honorable Marilyn L. Huff, District Judge for the Southern District of California, sitting by designation.

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

Before: THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Jeremy Shane Turner appeals his conviction on three drug counts and the sentence imposed by the district court following a jury trial. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm in all respects.

When viewed in the light most favorable to the prosecution, the testimony of Stacey Running Crane and Corrina Running Crane establishes that Turner entered into an agreement to possess with intent to distribute methamphetamine.[1] *See United States v. Kilby,* 443 F.3d 1135, 1139 (9th Cir.2006) (stating that the evidence is sufficient to support a conviction

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not recite it here except as necessary to aid in understanding this disposition.

if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt). Similarly, the testimony of Stacey, Corrina, Hyrum Woodward, and Jess Salway establishes that Turner possessed with intent to distribute methamphetamine. The evidence accordingly is sufficient to sustain Turner's conspiracy and possession convictions.

■ The evidence also is sufficient to sustain the jury's finding that Turner possessed more than 500 grams of methamphetamine, which is the quantity at which the highest penalties provided by 21 U.S.C. § 841(b) come into play. The drug quantity finding did not affect Turner's sentence because his mandatory statutory minimum was higher than the sentencing guideline range due to his prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment. . . .").

■ We reject Turner's contention that the drug quantity should be reduced by any methamphetamine he possessed for his personal use. Unlike the case on which he relies, *United States v. Rodriguez–Sanchez*, 23 F.3d 1488 (9th Cir.1994), *overruled on other grounds by United States v. Montero–Camargo*, 208 F.3d 1122 (9th Cir.2000), there is no evidence that Turner possessed the methamphetamine for his personal use. The testimony cited by Turner indicates that he used marijuana and cocaine, but there is no indication in any of the testimony that he possessed the methamphetamine for his personal consumption. Instead, all the evidence indicates that he possessed the methamphetamine for distribution.

■ The sentence imposed by the district court was reasonable. The district court adequately considered the factors required under 18 U.S.C. § 3553(a) and thoughtfully explained the reasons for its decision. "The district court did not act unreasonably in imposing the sentence." *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 771 (9th Cir.2006).

■ We also reject Turner's contention that his offense involved a Schedule III substance and that 21 U.S.C. § 841(b)(1)(D) accordingly applies. Methamphetamine is a Schedule II substance. 21 C.F.R. § 1308.12. We have held that the Attorney General properly rescheduled all forms of methamphetamine to Schedule II, despite language in 21 U.S.C. § 812(c) that includes some forms of methamphetamine in Schedule III. *United States v. Kendall*, 887 F.2d 240, 241 (9th Cir.1989) (per curiam); *see also United States v. Durham*, 941 F.2d 886, 889 (9th Cir.1991) (stating that "[t]his court has repeatedly concluded, as we have again in this opinion, that methamphetamine has been properly designated a Schedule II controlled substance"); *accord United States v. Macedo*, 406 F.3d 778, 785 (7th Cir.2005) (finding that "the reclassification of methamphetamine as a schedule II substance applies to all forms of methamphetamine in accordance with 21 C.F.R. § 1308.12(d) despite [21 U.S.C. § 812's] distinction"); *United States v. Gori*, 324 F.3d 234, 239–40 (3d Cir.2003) (rejecting the defendant's argument that " § 812's classification of methamphetamine supersedes the subsequent regulation").

For the foregoing reasons, Turner's conviction and sentence are

**AFFIRMED.**