UNITED STATES of America,
Plaintiff–Appellee,

v.

James Michael WILHOIT,
Defendant–Appellant.

No. 89–10601.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 1, 1990.*

Decided Nov. 21, 1990.

James Michael Wilhoit, Terminal Island, Cal., pro se.

Thomas E. Flynn, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before SCHROEDER and BRUNETTI, Circuit Judges, and BELLONI,** District Judge.

SCHROEDER, Circuit Judge:

The appellant, James Michael Wilhoit, was convicted in 1987, pursuant to a guilty plea, of the crime of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1970). He was sentenced to a term of eight years imprisonment, which was within the range of sentences authorized for convictions of manufacturing a schedule II controlled substance. *See* 21 U.S.C. § 812 (1970).

■ This is an appeal from the district court's denial of his motion to correct his sentence under former Federal Rule of

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

** Honorable Robert C. Belloni, Senior United States District Judge for the District of Oregon, sitting by designation.

Criminal Procedure 35(a), which is applicable to his 1987 conviction. In his Rule 35 motion, he contended that he should have been sentenced for manufacturing a schedule III controlled substance because methamphetamine was originally listed in 21 U.S.C. § 812 (1970) as a schedule III controlled substance.

Methamphetamine, however, by virtue of 21 C.F.R. § 1308.12(d) (1973) (redesignated from 21 C.F.R. § 308.12(d) (1971)) has been reclassified as a schedule II controlled substance. The reclassification was done pursuant to 21 U.S.C. § 811 (1970), which expressly authorizes the Attorney General to make such reclassifications. The validity of this statute was challenged in *United States v. Davis*, 564 F.2d 840, 843–44 (9th Cir.), *cert. denied*, 434 U.S. 1015, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978), where we squarely held that this delegation was constitutionally valid. In *United States v. Kendall*, 887 F.2d 240, 241 (9th Cir.1989), we held that the Attorney General properly exercised this power in rescheduling methamphetamine. These decisions foreclose any direct challenge to the validity of this scheduling.

Appellant's arguments in this case are less direct than the challenge in *Kendall*, but no more availing. Wilhoit contends that because the classification in the regulation is not the same as the classification in the statute, there was insufficient notice, as a matter of law, of the penalty for his conduct. This argument must be rejected on several grounds.

■ First, it relies to a large extent on the premise that an administrative penalty classification, as opposed to a legislative classification, is invalid. This premise is wholly undermined by our decisions in *Davis* and *Kendall*.

Second, the appellant cannot successfully maintain that there was inadequate notice of a possible subsequent administrative reclassification, because the statute itself expressly warns that the schedules are subject to change. *See* 21 U.S.C. § 812(a) (1970) ("The schedules established by this section shall be updated and republished on a semiannual basis"); 21 U.S.C. § 812(c) (1970) ("Schedules ... shall, unless and until amended pursuant to section 811 of this title, consist of the following drugs or other substances ..."); 21 U.S.C. § 811(a) (1970) ("the Attorney General may by rule —(1) add to such a schedule or transfer between such schedules any drug or other substance...."). Thus, any citizen reading the statute would have notice that its classifications are subject to regulatory change.

■ Finally, the Federal Register carried a notice of the transfer of methamphetamine from schedule III to schedule II on July 7, 1971. Congress has provided that proper publication in the Federal Register shall act as constructive notice to all of those affected by the regulation in question. 44 U.S.C. § 1507 (1964). The fact that a given regulation involves a criminal penalty does not render this form of notice any less adequate. *See Flannagan v. United States*, 145 F.2d 740 (9th Cir.1944) (publication of regulations fixing maximum price of beef held to be sufficient notice to individual prosecuted for selling beef at a price in excess of that maximum).

The district court did not err in denying appellant's Rule 35 motion.

AFFIRMED.