955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Ray BUXTON, Defendant-Appellant.
 No. 90-16837.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1992.*
Decided Feb. 19, 1992.
 
 Before TANG, PREGERSON and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lloyd Ray Buxton appeals the district court's decision denying his petition for habeas corpus pursuant to 28 U.S.C. § 2255. We affirm the district court's decision.
 
 
 3
 Buxton was arrested on state drug charges on June 9, 1986. He was arraigned on June 17, 1986. At that time, the prosecutor advised the court that he expected federal charges to be brought against Buxton later that week. On June 20, 1986, a federal grand jury indicted Buxton and his co-defendants. The indictment charged Buxton with possession with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), and with conspiracy in violation of 21 U.S.C. § 846. Buxton entered a plea of guilty, reserving his right to appeal the trial court's decision denying Buxton's motion to suppress evidence allegedly obtained from an illegal search. Buxton was sentenced to 12 years' imprisonment, and he appealed on the Fourth Amendment claim. This court affirmed Buxton's conviction. U.S. v. Watts, 848 F.2d 134 (9th Cir.), cert. denied, 488 U.S. 928 (1988).
 
 
 4
 Buxton filed this petition for a writ of habeas corpus, and was heard by a federal magistrate. The district court adopted the findings made by the magistrate, and denied Buxton's petition. On this appeal, Buxton argues a host of errors. We consider and reject each of his arguments in turn.
 
 
 5
 We review de novo a district court's decision on a petition for habeas corpus. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). Factual findings made by the district court in conjunction with its decision on the petition are reviewed for clear error. Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 
 6
 Buxton's arguments about the constitutionality of his conviction under Sections 841 and 846 are without merit. Buxton claims that administrative classification of methamphetamine as a controlled substance was an improper delegation of legislative power to the executive branch. He also argues that the reclassification of methamphetamine from schedule III to schedule II was conducted without sufficient notice, and therefore violates due process.
 
 
 7
 The law in this circuit is clear that methamphetamine was properly listed as a controlled substance. Congress properly delegated authority to the executive branch to make and amend such listings. U.S. v. Wilhoit, 920 F.2d 9, 10 (9th Cir.1990). That delegation was accompanied by sufficient guidelines and standards for the exercise of that authority. U.S. v. Davis, 564 F.2d 840, 844 (9th Cir.), cert. denied 434 U.S. 1015 (1978). This court specifically held in Wilhoit, 920 F.2d at 10, that the reclassification of methamphetamine from schedule III to schedule II under Section 812 was valid. Sufficient notice that methamphetamine is a controlled substance within the meaning of the Comprehensive Drug Abuse Prevention and Control Act of 1970 was provided by publication in the Federal Register. Id.; see also U.S. v. Kendall, 887 F.2d 240, 241 (9th Cir.1989). Accordingly, Buxton's conviction based on an administrative classification was not invalid.
 
 
 8
 Buxton further alleges that the presumption attaches to the mere facts that the decision was made in hopes of obtaining a longer sentence for Buxton and that this decision was made by Kitching himself. This alone does not constitute improper motivation. An individual prosecutor exercises discretion to bring charges with lesser or stiffer penalties as a matter of routine. The present situation is no different simply because the prosecutor here elected federal over state charges so that Buxton, if convicted, might serve a longer prison sentence. See U.S. v. Burt, 619 F.2d 831, 836, 838 (9th Cir.1980). Moreover, our cases do not turn on whether a decision is made by prosecutors who are independent from one another. Rather, the dispositive issue is whether the prosecutor's decision is in retaliation for the exercise of a legal right such that a presumption of vindictiveness arises.
 
 
 9
 Buxton asserts that Kitching's appointment as a Special Assistant U.S. Attorney did not meet the relevant statutory and procedural requirements. Buxton argues that his sentence is invalid because Kitching was not authorized to appear before a federal grand jury. This claim is without merit. The first letter of appointment, date-stamped June 16, 1985, states clearly that 28 U.S.C. § 543 is the source of authority for Kitching's appointment as in Buxton's case. Without question, Kitching had the authority under 28 U.S.C. § 543 to appear before a federal grand jury for purposes of seeking the indictment against Buxton and his co-defendants on June 20, 1986. See U.S. v. Hawthorne, 626 F.2d 87, 89-90 (9th Cir.1980).
 
 
 10
 Buxton claims that his due process rights were violated when the district court imposed a sentence in excess of that recommended by the federal government. According to Buxton, this sentence violated the terms of his plea agreement.
 
 
 11
 The transcript of the court proceedings belies Buxton's claim. The district court scrupulously observed the requirements of Rule 11. See Fed.R.Crim.P. 11. Buxton was fully informed of the consequences of his guilty plea. The record shows clearly that Buxton's plea was knowing and voluntary. The district court specifically informed Buxton and his co-defendants that the court had authority to impose a sentence in excess of that recommended by the government. The district court then asked Buxton if he understood this, and he stated that he did.
 
 
 12
 Buxton also claims that his guilty plea was not voluntary because he was coerced by the district court's apparent disinclination to grant Buxton's request to substitute counsel. Buxton made no formal motion to substitute counsel, however. And the district court specifically asked if Buxton had resolved his difficulties with counsel, and Buxton stated that he had. The record reveals no error by the district court.
 
 
 13
 Buxton next argues that the district court participated improperly in the plea negotiations. He claims that this took place off the record, but he makes no specific allegations of improper conduct by the district court as to the plea negotiations. We reject Buxton's wholly unsubstantiated claim.
 
 
 14
 Finally, Buxton claims that he was entitled to an evidentiary hearing on the issues presented in his petition for habeas corpus. Such a hearing was conducted by a federal magistrate. The district court reviewed the report, adopted its findings, and denied Buxton's petition for habeas corpus. This procedure is clearly authorized under 28 U.S.C. § 636(b)(1)(B)-(C), and suffices for purposes of meeting any requirement that Buxton receive an evidentiary hearing.
 
 
 15
 The district court's decision to deny Buxton's petition under 28 U.S.C. § 2255 is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3