**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher PORT, Defendant–Appellant.**

**No. 03–10705.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 21, 2004.

Darin Lahood, Esq., Las Vegas, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., Reno, NV, for Defendant–Appellant.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM [*]

Christopher Port appeals his conviction following a conditional guilty plea to one count of Convicted Felon in Possession of Explosive Materials in violation of 18 U.S.C. § 842(i)(1). We affirm.

Port's conditional plea preserved only the issue whether the district court erred by not granting his motions to dismiss the indictment. All other aspects regarding his right to appeal his conviction were waived. For this reason, we are precluded from reviewing any issues outside the scope of Port's motions to dismiss. *See*

*United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).[1]

To the extent Port argues that he did not actually know that the fireworks he possessed were explosives, this is an issue that goes to sufficiency of the proof rather than sufficiency of the charge and as such, is not properly before us. To the extent he argues that the Government charged the wrong mens rea to the indictment, he is incorrect. The indictment charges that Port *knowingly* possessed low explosive material in violation of § 842(i)(1), which comports with *Staples v. United States,* 511 U.S. 600, 618–19, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), and *United States v. Gergen,* 172 F.3d 719, 722–24 (9th Cir. 1999).

Port also contends that he must know that his conduct was unlawful. However, knowledge of the legal consequences of possession is not required. *See Bryan v. United States,* 524 U.S. 184, 193, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998); *United States v. Hancock,* 231 F.3d 557, 562–63 (9th Cir.2000). Section 841(d) defines "explosives" as including "any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion." It provides a non-exhaustive list of examples, and directs the Attorney General to "publish and revise at least annually in the Federal Register a list of these and any additional explosives which he determines to be within the coverage of this chapter." 18 U.S.C. § 841(d). The Bureau of Alcohol, Tobacco and Firearms (ATF) published an updated list of explosive materials on April 26, 2002. Treas.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Port's reliance upon *United States v. Pallares–Galan,* 359 F.3d 1088 (9th Cir.2004), is misplaced because *Pallares–Galan* concerned

an alternative argument made on appeal in support of the same claim advanced in the district court whereas Port makes a new claim that has to do with sufficiency of the evidence that was not (and could not be) part of his motion to dismiss.

Notice No. 943, 67 Fed.Reg. 20864–02, 2002 WL 730689 (April 26, 2002).[2] Display fireworks are on this list. *Id.* at 20865. Thus, display fireworks are within the definition of "explosive materials." The indictment charged this knowledge, and was not required to charge knowledge of illegality as well.

■ Finally, Port contends that § 842(i) violates procedural due process as applied because it failed to provide notice that display fireworks are explosives and that he was prohibited from possessing them. We disagree. Port was charged with constructive knowledge of §§ 841 through 842, which plainly prohibit felons from possessing explosives and define explosives with reference to the annual list published in the Federal Register. *See Jones v. United States,* 121 F.3d 1327, 1330 (9th Cir.1997). Publication of the ATF list, which identified display fireworks, nearly a year before Port committed his offense sufficed to give notice of the terms of the statute and the need to comply with it. It is no answer that the statutory scheme defines "explosives," "fireworks," "display fireworks," and "consumer fireworks" separately from the ATF list, because the statute expressly put Port on notice that "explosives" includes "any additional explosive" that ATF determines should be covered. 18 U.S.C. § 841(d); *see also United States v. Wilhoit,* 920 F.2d 9, 10 (9th Cir.1990). Nor is it material that persons engaged in transportation may avoid prosecution if they do not pose a security risk, for the regulation upon which Port relies was passed after his

offense was committed and so could not possibly have caused him confusion.

AFFIRMED.

---

**2.** At that time, ATF was an arm of the Department of the Treasury and the Secretary of Treasury was the publishing authority. In 2003, it became part of the Department of Justice.

