FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JONATHAN CORBETT,

*Plaintiff-Appellant*,

v.

TRANSPORTATION SECURITY
ADMINISTRATION,

*Defendant-Appellee*.

No. 23-55713

D.C. No.
2:22-cv-06920-
DMG-MAA

OPINION

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, Chief District Judge, Presiding

Argued and Submitted June 14, 2024
Pasadena, California

Filed September 10, 2024

Before: William A. Fletcher, Morgan Christen, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge Christen

# SUMMARY[*]

## Freedom of Information Act

The panel vacated the district court's dismissal for failure to exhaust administrative remedies of Jonathan Corbett's action seeking an order requiring the Transportation Security Administration (TSA) to produce certain documents he requested under the Freedom of Information Act (FOIA).

When a member of the public submits a FOIA request to a federal agency, the agency must determine within twenty days whether to comply with the request or to notify the requester of any unusual circumstances requiring additional time to respond. A requester can challenge the adequacy of a response in court, but must first exhaust available administrative remedies within the agency. If the agency does not timely respond, the requester's obligation to exhaust available administrative remedies is constructively satisfied, and the requester may proceed directly to court.

TSA missed its twenty-day deadline to respond to Corbett's FOIA requests and issued final responses only after Corbett filed suit in district court.

The panel held that once a FOIA suit is properly initiated based on constructive exhaustion, an agency's post-lawsuit response does not require dismissal for failure to exhaust. Exhaustion is a prudential consideration rather than a jurisdictional one, and FOIA permits district courts limited

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

discretion to require exhaustion only if an agency shows that exceptional circumstances warrant it. If exceptional circumstances warrant exhaustion, rather than dismissing the complaint, a district court should stay its proceeding. In light of this standard, the panel vacated the district court's decision and remanded for further proceedings.

**COUNSEL**

Jonathan Corbett (argued), Corbett Rights PC, Los Angeles, California; Leah Farrell, Corbett Rights PC, New York, New York; for Plaintiff-Appellant.

Jennifer R. Jacobs (argued) and Alarice M. Medrano, Assistant United States Attorney; David M. Harris, Assistant United States Attorney, Chief, Civil Division; E. Martin Estrada, United States Attorney; United States Department of Justice, Office of the United States Attorney, Los Angeles, California; for Defendant-Appellee.

**OPINION**

CHRISTEN, Circuit Judge:

The Freedom of Information Act (FOIA) was designed to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). When a member of the public submits a FOIA request to a federal agency, FOIA requires the agency to determine

within twenty days whether to comply with the request or to notify the requester of any "unusual circumstances" requiring additional time to respond. *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1093 (9th Cir. 2016). We have recognized that a requestor can challenge the adequacy of a response in court if she is dissatisfied, but she must "first exhaust available administrative remedies, including an appeal within the agency." *Aguirre v. U.S. Nuclear Reg. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). If the agency does not timely respond, we deem the requester's obligation to exhaust available administrative remedies constructively satisfied, and the requester may proceed directly to court. *Id.*

The question of first impression presented by this appeal is what happens when an agency misses its statutory deadline and responds to a FOIA request only after the requester files suit. If the plaintiff remains dissatisfied with the agency's response, should she still be required to pursue an administrative appeal rather than litigating the dispute in federal court? The district court answered in the affirmative. We reach the opposite conclusion for reasons explained below, so we vacate and remand for further proceedings.

## I

## A

Jonathan Corbett is an attorney who specializes in civil litigation against the Transportation Security Administration (TSA). On June 13, 2021, Corbett contacted TSA by email, invoking FOIA and seeking information. Corbett's email sought incident reports and video footage concerning a pat-down search of "one Kelly Joyner" allegedly performed by TSA employees at an airport several days earlier.

TSA responded the next day.  The agency confirmed that it had received the request but asked Corbett to complete a "Certification of Identity" form pursuant to the Privacy Act, 5 U.S.C. § 552a(b), because the information he sought pertained to a third party.  The form required that Corbett submit "a statement from the subject of the request verifying his/her identity and certifying his/her agreement that records concerning him/her may be released."  TSA's response indicated that failure to return the signed form would result in all records being withheld.  Corbett did not complete the form.  He reasoned that he did not need to do so because he had requested records under FOIA, not the Privacy Act.[1] TSA informed Corbett that it "administratively closed" Corbett's FOIA request because it did not receive a completed Certification of Identity form.  The parties agree that this response communicated that the agency would not take further steps to process Corbett's request.

On March 6, 2022, Corbett submitted a second FOIA request.  This time, Corbett sought "all video, incident reports, and other records" regarding an alleged search of an unnamed client that occurred about two weeks earlier at Miami International Airport.  The second request asserted that a TSA officer had "headbutted" Corbett's client during that search.  As with the first request, the agency replied the following day.  It confirmed receipt and informed Corbett that he needed to complete a Certification of Identity form. Corbett again declined to do so.

---

[1] Corbett asserted that he explained this in an email to TSA, but the agency reported it was unable to locate any such email.

**B**

After twenty days passed without TSA either supplying the requested documents, notifying Corbett that the agency needed more time, or formally denying Corbett's requests, Corbett filed suit in the U.S. District Court for the Central District of California. His complaint alleged that he was entitled to the requested documents pursuant to FOIA and sought an order requiring that TSA produce them. Shortly thereafter, on October 5, 2022, TSA notified Corbett that it had administratively closed his second FOIA request.

On November 16, 2022, TSA issued separate "final responses" to Corbett's FOIA requests. Both final responses indicated that TSA had searched for responsive records, but neither confirmed nor denied whether such records existed. Instead, the agency wrote that acknowledging "the existence of such records without the third-party subject's consent would violate the Privacy Act" because Corbett had not returned the completed Certification of Identity forms. TSA also explained that it had considered FOIA Exemption 6, which applies to disclosures of information that would "constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), and concluded that Corbett had not shown that release of the requested information was in the public interest. The final responses informed Corbett that he could appeal to the agency's FOIA Appeals Officer within ninety days. Corbett did not do so.

TSA moved for summary judgment. The agency argued that Corbett's claims were "moot with regard to compelling the agency to respond" because TSA had issued final responses after the twenty-day statutory response period and after Corbett filed suit. To the extent Corbett challenged the final responses, the agency urged the district court to grant

summary judgment in its favor because Corbett had declined to pursue administrative appeals.  TSA's motion argued that summary judgment was appropriate "as a matter of prudence and in the interest of conserving limited judicial resources." In the alternative, the agency argued that it was entitled to summary judgment because it had satisfied its FOIA obligations: its search efforts were reasonable and adequate as evidenced by an accompanying declaration, and its decision to withhold the search results was proper under both the Privacy Act and FOIA Exemption 6.

Corbett opposed TSA's motion for summary judgment and filed a cross-motion.  He argued that he had constructively exhausted his administrative remedies because TSA had not issued final responses or denials within twenty days.  Corbett also argued that Exemption 6 did not justify withholding the records and that he had shown that releasing the records was in the public interest.

The district court denied Corbett's motion and granted TSA's, construing the latter as a motion to dismiss.  The court first held that the parties' dispute had not been rendered moot by the agency's final responses because there was "still a live controversy as to whether TSA has improperly withheld agency records."  Next, the court construed TSA's motion as a motion to dismiss because it reasoned that administrative exhaustion "should have been raised in a motion to dismiss."**2**  The district court recognized that we

---

[2] In reaching this conclusion, the district court relied on our decision in *Ritza v. International Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988) (per curiam), which required that courts treat failure to exhaust as a request for dismissal, even if raised in a motion for summary judgment.  We overruled *Ritza* on that issue in *Albino v.*

have no binding caselaw addressing whether administrative exhaustion is required where a requester seeks relief in district court based on constructive exhaustion and the agency provides a final response *after* the requester files suit. The court decided that requiring Corbett to administratively exhaust would be consistent with underlying policy considerations favoring exhaustion: doing so provides an opportunity for agencies to weigh in and, hopefully, resolve disputes without the need to litigate them in court.   In reaching this result, the court observed that Corbett had not given any reason for not responding to TSA's final determinations, nor any reason why the court should not apply the general exhaustion requirement in his particular case.   The court dismissed Corbett's claims "without prejudice to refiling at the conclusion of the administrative appeal process if appropriate."  Corbett timely appealed.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the district court's order granting TSA's motion to dismiss. *Harper v. Nedd*, 71 F.4th 1181, 1184 (9th Cir. 2023).

## III

## A

As we have previously explained, "Congress enacted FOIA in recognition of the fact that government

---

*Baca*, 747 F.3d 1162, 1168–72 (9th Cir. 2014) (en banc) (holding that courts may decide exhaustion at summary judgment).  Neither party asks us to reconsider whether the district court properly treated TSA's exhaustion argument as a request for dismissal rather than as an argument for summary judgment. *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1204 (9th Cir. 2005).

transparency is critical to a functioning democracy, but may be difficult to achieve against unwilling officials." *Yagman v. Pompeo*, 868 F.3d 1075, 1078–79 (9th Cir. 2017) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151–52 (1989)).  To this end, FOIA allows members of the public to submit requests for information to government agencies. FOIA requires that agencies "determine within 20 [business] days . . . after the receipt of any such request whether to comply with such request" and immediately notify the requester of the agency's decision.      5 U.S.C. § 552(a)(6)(A)(i).    In certain "unusual circumstances," FOIA allows the agency to extend this deadline after providing written notice to the requester. *Id.* § 552(a)(6)(B). If a requester is dissatisfied with the agency's response, or if the agency fails to timely respond, the requester is free to bring suit in federal court. *Id.* § 552(a)(4)(B).  District courts are authorized to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

We generally require FOIA requesters to exhaust their administrative remedies before filing suit. *Aguirre*, 11 F.4th at 725.  This includes filing administrative appeals within the subject agency. *See* 5 U.S.C. § 552(a)(6)(A)(ii).  But if an agency misses its statutory deadline to respond to a FOIA request, the statute deems the exhaustion requirement constructively satisfied, and the requester may pursue relief directly in federal court. *Id.* § 552(a)(6)(C)(i).    Our precedent also requires that if an agency responds after the twenty-day statutory deadline and before the requester files a complaint in federal court, the requester "in essence waives his right to immediately sue." *Aguirre*, 11 F.4th at 725.  In that circumstance, the requester must administratively exhaust. *Id.*; *see Oglesby v. U.S. Dep't of the Army*, 920 F.2d

57, 63–64 (D.C. Cir. 1990). Finally, we have explained that "[e]xhaustion under FOIA is a prudential rather than jurisdictional consideration," and courts have the discretion to waive the exhaustion requirement in certain circumstances, including if they find that exhaustion would be futile. *Aguirre*, 11 F.4th at 725 (citing *Yagman*, 868 F.3d at 1083–84).

## B

The parties agree that TSA did not meet its twenty-day deadline to respond to Corbett's FOIA requests and did not issue final responses until after Corbett filed his complaint. Unlike TSA's initial emails notifying Corbett that his requests had been "administratively closed," the November 16, 2022 emails qualified as final responses under FOIA because they included "the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." *Oglesby*, 920 F.2d at 65 (citing 5 U.S.C. § 552(a)(6)(A)(i)). Thus, had TSA provided its final responses before Corbett sued—even if it had responded more than twenty days after receiving Corbett's requests— the final responses would have been "sufficient for purposes of requiring an administrative appeal." *Id.*; *see Aguirre*, 11 F.4th at 726. But TSA did not do so. The question presented by this appeal is whether the final responses TSA provided to Corbett, more than twenty days after it received his requests *and after he filed suit*, triggered an obligation for him to complete the administrative appeal process.

Corbett concedes that requiring a requester to complete the administrative appeal process may be well-advised before requesters resort to judicial intervention. But he

contends that where agency inaction has rendered a plaintiff's claims constructively exhausted, the complaint should not be dismissed based on failure to exhaust. In Corbett's view, allowing an agency to seek dismissal under such circumstances would enable agencies to ignore the twenty-day deadline Congress specified in FOIA, because the rule TSA advocates would allow inadequate and tardy responses to "derail lawsuits" by forcing requesters to restart the administrative process. This, he argues, would frustrate the purpose of FOIA.

TSA counters that Corbett provides no reason why the general exhaustion requirement should be waived in his case, on futility or other grounds. TSA insists that the district court correctly required Corbett to pursue an administrative appeal because completing the administrative process will: (1) allow Corbett a chance to make specific objections to the agency's final responses; (2) allow the agency an opportunity to reconsider its position; and (3) provide the district court with "a record that is adequate for judicial review." TSA further argues that the agency's Appeals Officer could have issued a decision promptly and before the parties' summary judgment briefing in the district court if Corbett had filed an administrative appeal.

The text of FOIA does not answer this question. *See Miller v. FEC*, No. 12-cv-242, 2013 WL 4243044, at *5 (S.D. Ohio Aug. 15, 2013). In fact, FOIA's language "does not expressly *require* exhaustion" at all. *Yagman*, 868 F.3d at 1083 (emphasis added). Nevertheless, courts have long recognized that "[e]xhaustion is generally required as a matter of preventing premature interference with agency processes." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). More specifically, requiring administrative exhaustion allows an agency to "function efficiently[,] . . . [to] have an

opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Id.*; *see Oglesby*, 920 F.2d at 64 ("Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors.").

Only a few courts have addressed the question presented by this appeal. One of them is the Fourth Circuit, and we find its reasoning persuasive. In *Pollack v. Department of Justice*, the Fourth Circuit held that "once an agency fails to respond timely to a request," the requester has constructively exhausted and "FOIA permits the requester immediately to file an enforcement suit." 49 F.3d 115, 119 (4th Cir. 1995), *cert. denied*, 516 U.S. 843 (1995). If an agency responds after a suit is initiated, the plaintiff is not required to exhaust the agency's administrative appeal process. *Id.*; *see Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 824 (4th Cir. 2013) (describing an agency's *post*-lawsuit response as "of no moment" where the agency had already missed its statutory deadline to respond).

In reaching this result, *Pollack* examined the FOIA provision that allows for constructive exhaustion, § 552(a)(6)(C)(i), and noted that it reflects Congress's expectation that an agency that has answered a FOIA complaint might also engage in ongoing communication with a requester after the court assumes jurisdiction. Section 552(a)(6)(C)(i) provides:

> Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with

respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, *the court may retain jurisdiction and allow the agency additional time to complete its review of the records*. Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request. Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request.

*Id.* (emphasis added). After considering this provision of FOIA, the Fourth Circuit determined that "it was error for the district court to conclude that it was somehow deprived of jurisdiction" when Pollack failed to administratively appeal after he had commenced litigation, because Pollack had satisfied the constructive exhaustion provision in § 552(a)(6)(C)(i) before he filed suit. *Pollack*, 49 F.3d at 119. We agree that § 552(a)(6)(C)(i) contemplates further exchanges between agencies and FOIA requesters after a court assumes jurisdiction over a contested FOIA request, and Congress plainly provided that a district court may retain jurisdiction and permit an agency additional time to respond if the agency shows exceptional circumstances. Nothing in the statute, nor in our precedent, suggests that FOIA permits agencies to miss the initial twenty-day deadline and then require requesters to administratively exhaust by providing

tardy responses after requesters have filed suit to enforce the rights that Congress guaranteed in FOIA.

Like our circuit, the D.C. Circuit requires exhaustion where agencies respond to FOIA requests after the twenty-day statutory deadline but before requesters file suit. *Oglesby*, 920 F.2d at 64. The D.C. District Court has noted that "the D.C. Circuit has not extended this principle to permit an agency to cure its failure to respond *after* the requester has filed suit, thereby 'un-exhausting' a claim that was exhausted," *Shteynlyuger v. Ctrs. for Medicare & Medicaid Servs.*, 698 F. Supp. 3d 82, 107 (D.D.C. 2023), and earlier cases from the D.C. District Court are in accord. *See, e.g.*, *Pinson v. U.S. Dep't of Just.*, 145 F. Supp. 3d 1, 9 (D.D.C. 2015) (holding that where an agency belatedly responds after the plaintiff has filed suit, the plaintiff has nevertheless constructively exhausted their administrative remedies).[3]

We agree with the position taken by these courts and hold that once a FOIA suit is properly initiated based on constructive exhaustion, an agency's post-lawsuit response does not require dismissal for failure to exhaust. As we have explained, exhaustion is a prudential consideration rather than a jurisdictional one, *see Yagman*, 868 F.3d at 1083–84, and FOIA permits district courts limited discretion to require exhaustion only if an agency shows that exceptional circumstances warrant it. *See* 5 U.S.C. § 552(a)(6)(C)(i).

---

[3] *See also Zander v. Dep't of Just.*, No. CIV.A.10-2000, 2011 WL 1775059, at *1 (D.D.C. May 10, 2011); *Lewis v. U.S. Dep't of Just.*, 733 F. Supp. 2d 97, 106–07 (D.D.C. 2010); *Accuracy in Media, Inc. v. Nat'l Transp. Safety Bd.*, No. CIV.A.03-00024, 2006 WL 826070, at *6 (D.D.C. Mar. 29, 2006); *cf. Thomas v. Dep't of Health & Hum. Servs.*, 587 F. Supp. 2d 114, 117 (D.D.C. 2008).

Rather than dismissing the complaint, a district court should stay its proceedings where it finds that an agency has shown that exceptional circumstances warrant requiring exhaustion. *Id*.

In reaching this decision, we recognize that some district courts within our circuit have reached the opposite result. *See, e.g.*, *Andrus v. U.S. Dep't of Energy*, 200 F. Supp. 3d 1093, 1102 (D. Idaho 2016) (requiring the plaintiff to exhaust a post-lawsuit agency response even though exhaustion is "merely a jurisprudential doctrine," because exhaustion policy considerations "must still carry the day"); *cf. San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, No. 15-cv-01412, 2016 WL 80631, at *5 (E.D. Cal. Jan. 7, 2016) (declining to decide the issue pending further briefing, but noting that requiring exhaustion was "likely appropriate").[4]  Our decision is dictated by the text and purpose of FOIA.  As the Fourth Circuit observed, "[i]n setting a time limit for agencies to respond to initial requests and establishing constructive exhaustion as a means to enforce that limit, Congress expressed a clear intent to ensure that FOIA requests receive prompt attention from the applicable agencies." *Coleman*, 714 F.3d at 824.  Requiring administrative exhaustion after a *post*-lawsuit agency

---

[4] Other district courts have reached similar conclusions.  *Muset v. Ishimaru*, 783 F. Supp. 2d 360, 372 (E.D.N.Y. 2011); *Miller*, 2013 WL 4243044, at *5; *Tex. Roadhouse, Inc. v. EEOC*, No. 14CV-00652, 2015 WL 925894, at *5–6 (W.D. Ky. Mar. 3, 2015).  The Fifth Circuit has also held that judicial review of a post-lawsuit agency response is "precluded by [the plaintiff's] failure to seek administrative review," albeit in a short opinion without offering further reasoning.  *Voinche v. FBI*, 999 F.2d 962, 964 (5th Cir. 1993) (per curiam); *see also Calhoun v. FBI*, 546 F. App'x 487, 490 (5th Cir. 2013) (per curiam) (unpublished).

response would undermine this express congressional objective and could even provide an incentive for agencies to forgo responding unless and until requesters file suit. By contrast, narrowing an agency's ability to invoke exhaustion in the circumstances presented here will incentivize agencies to respond within the timeframe Congress envisioned.

## IV

In light of the standard we announce today, we vacate the district court's decision and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED.**