**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1768**

LOUISE TRAUMA CENTER LLC,

Plaintiff - Appellant,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:23-cv-02846-RDB)

Argued:  March 20, 2025                                    Decided:  August 14, 2025

Before DIAZ, Chief Judge, and HARRIS and BERNER, Circuit Judges.

Reversed by published opinion.  Judge Berner wrote the opinion, in which Chief Judge Diaz and Judge Harris joined.

**ARGUED:**  David Laundon Cleveland, Sr., LAW OFFICE OF DAVID CLEVELAND, Washington, D.C., for Appellant.  Ariana Wright Arnold, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

BERNER, Circuit Judge:

Louise Trauma Center submitted multiple Freedom of Information Act requests to the United States Citizenship and Immigration Services, seeking records related to the training and performance of asylum officers. For more than two years, the agency failed to make a determination on these requests. Only after Louise Trauma Center filed this lawsuit did the agency produce any requested records. Even then, many of the records were heavily redacted. Shortly after producing the redacted records, the agency moved to dismiss, arguing that the suit was rendered moot because it had produced the relevant records. The agency also argued that the lawsuit should be dismissed because Louise Trauma Center had failed to exhaust its administrative remedies. The district court agreed and dismissed the case.

We reverse. Louise Trama Center had constructively exhausted its administrative remedies because the agency failed to respond to the Freedom of Information Act requests within the statutory time limits. The agency's belated production of the redacted documents did not render Louise Trauma Center's case moot, nor was Louise Trauma Center required to exhaust new administrative remedies before challenging the agency's redactions.

I.      Background

Between January 5, 2021, and June 30, 2021, Louise Trauma Center LLC submitted four requests under the Freedom of Information Act ("FOIA") to the United States Citizenship and Immigration Services ("USCIS"). These requests sought records related to the training and performance of USCIS's asylum officers. Approximately one week after

2

receiving each FOIA request from Louise Trauma Center, USCIS responded with a boilerplate letter acknowledging receipt. Each letter provided a case number for the request, briefly explained USCIS's FOIA process, and notified Louise Trauma Center that the request would be reviewed under USCIS's process for "complex" FOIA requests.

After receiving these initial response letters, Louise Trauma Center received no further communication from USCIS. Over two years after submitting its last request, Louise Trauma Center filed suit against USCIS in the United States District Court for the District of Maryland, alleging that it had the right under FOIA to the entirety of the records it requested and that USCIS had no legal basis for failing to produce them. Louise Trauma Center sought prompt production of the records and a declaration that USCIS's failure to produce them in a timely manner violated FOIA.

Only after Louise Trauma Center filed suit did USCIS respond to the four FOIA requests. USCIS produced 2,756 pages of documents that it deemed responsive. Of those, more than a third of the pages contained redactions, some redacted entirely. USCIS notified Louise Trama Center that it had redacted the records pursuant to certain exemptions permitted by FOIA. *See* 5 U.S.C. § 552(b).

After receiving the documents, Louise Trauma Center sent USCIS several objections to the redactions, asserting that the production was incomplete. USCIS responded by providing notice to Louise Trauma Center of its right to file an administrative appeal. Shortly after USCIS produced the redacted documents and two days after the agency notified Louise Trauma Center of its administrative appeal right, USCIS moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil

3

Procedure 12(b)(1), and for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

The district court granted USCIS's motion, reasoning that the case was moot because USCIS had produced the requested records. *Louise Trauma Ctr., LLC v. USCIS*, No. 23-2846, 2024 WL 3555043, at *4–5 (D. Md. July 26, 2024). The district court also concluded that Louise Trauma Center's administrative remedies were not constructively exhausted, and that Louise Trauma Center would be required to administratively appeal USCIS's purportedly improper redactions before it could challenge them in court. *Id.* at *5.

## II.    Analysis

This appeal poses three questions. First, did Louise Trauma Center fail to constructively exhaust its administrative remedies before filing its lawsuit? Second, did Louise Trauma Center's case become moot when USCIS produced the redacted records? Third, was Louise Trauma Center required to exhaust its administrative remedies on its claim that USCIS had improperly redacted the records? Because we answer "no" to all three questions, we reverse the district court's order granting USCIS's motion to dismiss. We address each question in turn.

We review *de novo* a district court order granting a motion to dismiss a complaint as moot, *Grutzmacher v. Howard Cnty.*, 851 F.3d 332, 348 (4th Cir. 2017), and for failure to exhaust administrative remedies, *Talbot v. Lucy Corr Nursing Home*, 118 F.3d 215, 218 (4th Cir. 1997).

4

A.      Constructive Administrative Exhaustion

Administrative exhaustion is a well-established doctrine of administrative law,[1] which provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (internal quotations omitted). Ordinarily, before proceeding to federal court, a FOIA requester must exhaust remedies available through FOIA's administrative process. *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 823 (4th Cir. 2013). To prevent agencies from keeping requesters out of court by simply delaying the administrative process indefinitely, however, FOIA provides that a requester will be deemed to have *constructively* exhausted available administrative remedies "if the agency fails to comply with the applicable time limit provisions." *Id.* (quoting 5 U.S.C. § 552(a)(6)(C)(i)); *see also Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019) ("FOIA provides that a requester may be treated as if she exhausted the administrative appeals process where the agency did not provide a timely determination.").

Once a requester constructively exhausts administrative remedies, the requester may then file a lawsuit challenging the agency's failure to respond. *Citizens for Resp. & Ethics*

---

[1] The district court stated that "a failure to exhaust administrative remedies under FOIA deprives the courts of subject-matter jurisdiction." *Louise Trauma Ctr.*, 2024 WL 3555043, at *4 (internal quotations omitted). We disagree. An administrative exhaustion requirement is jurisdictional "[o]nly if the statutory text 'plainly show[s] that Congress imbued a procedural bar with jurisdictional consequences.'" *Stewart v. Iancu*, 912 F.3d 693, 700 (4th Cir. 2019) (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 410 (2015)). FOIA neither expressly requires requesters to exhaust administrative remedies before seeking judicial relief nor conditions a federal court's ability to hear a claim on that basis. Thus, FOIA's administrative exhaustion requirement is not a jurisdictional one.

*in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188–89 (D.C. Cir. 2013) ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."). This constructive exhaustion rule applies "even if a request may have been burdensome to the agency or would have to be delayed because of other requests filed earlier." *Coleman,* 714 F.3d at 823 (internal quotation omitted).

USCIS did not adequately respond to Louise Trauma Center's requests within FOIA's prescribed time limit. FOIA requires agencies to notify a requester of their "determination and the reasons therefor" within twenty business days of receiving a FOIA request.[2] 5 U.S.C. § 552(a)(6)(A)(i)(I). Louise Trauma Center submitted its FOIA requests between January 5 and June 30, 2021. The only action that USCIS took in response to the requests before Louise Trauma Center filed suit two years later was to send boilerplate acknowledgment letters.

These boilerplate letters do not constitute "determinations" under FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). An adequate agency determination requires, at a minimum, that the agency: "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Khine*, 943 F.3d at 966 (quoting *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 188). USCIS's letters met none of these requirements. Instead, USCIS

---

[2] In "unusual circumstances," FOIA permits agencies to extend this time limit by up to ten business days by written notice to the requester. 5 U.S.C. § 552(a)(6)(B).

failed to provide a determination to Louise Trauma Center's requests for well over two years, exceeding FOIA's time limit many times over. *See* 5 U.S.C. § 552(a)(6)(A)(i). Because the agency failed to provide its determinations within the requisite time limit,[3] Louise Trauma Center constructively exhausted its administrative remedies for each request.

## B.    Mootness

We next turn to whether USCIS's production of redacted records mooted Louise Trauma Center's claims. Pertinent to this inquiry, this court has previously held that "a challenge to a particular denial of a FOIA request becomes moot *if an agency produces the requested documents*." *Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999) (emphasis added). USCIS contends that this principle controls. The agency argues that Louise Trauma Center's case was rendered moot when it produced the requested records. That many of the produced records were heavily redacted, USCIS claims, does not change this result.

Had USCIS produced the entirety of the records responsive to Louise Trauma Center's requests, we agree that the case would be moot. This court's decision in *Regional Management Corporation v. Legal Services Corporation* is illustrative. There, the plaintiff submitted multiple FOIA requests seeking records related to an investigation. 186 F.3d at

---

[3] Agencies can remedy a violation of FOIA's timeliness requirements if they issue a determination on a FOIA request before the requester files suit. *See Coleman*, 714 F.3d at 820; *Pollack v. Dep't of Just.*, 49 F.3d 115, 118–19 (4th Cir. 1995). That did not occur here. USCIS did not issue a determination on the FOIA requests until after Louise Trauma Center filed suit.

459–60. Initially the agency denied the request. *Id.* at 460. After the investigation had been completed, however, the agency produced all the requested records. *Id.* Although the agency had fully complied with the plaintiff's FOIA requests, the plaintiff argued that its case was not moot because the agency had a policy of violating FOIA's timeliness requirements. *Id.* at 465. This court dismissed the case, holding that the plaintiff's claim that the agency had a policy of violating the time limits was not ripe. *Id.* at 465–66. Thus, the agency's production of the responsive documents rendered the case moot. *Id.*

Unlike the agency in *Regional Management Corporation*, USCIS did not produce all the records that Louise Trauma Center requested. In that sense, this case more closely resembles *Citizens for Responsibility & Ethics in Washington v. Federal Election Commission*. There, as here, the plaintiff filed a FOIA request; the agency failed to respond in a timely manner; and the plaintiff sued before the agency issued a determination. 711 F.3d at 183. Also as in the case before us, after the requester filed suit the agency produced some of the responsive records, withheld and redacted parts of others, and moved to dismiss the lawsuit as moot. *Id.* at 183–84. The D.C. Circuit rejected that contention, finding that the plaintiff "not only asserted that the [agency] failed to respond to [the plaintiff's] request in a timely fashion, but also raised a substantive challenge to the agency's withholding of responsive, non-exempt records." *Id.* at 184. Because the plaintiff sought relief from the agency's alleged failure to produce the entire record, the case was not moot. *Id.*

Here too, Louise Trauma Center continues to raise a justiciable challenge under FOIA. While USCIS turned over the requested records, they were heavily redacted. Louise

8

Trauma Center alleged that it was entitled under FOIA to *all* the responsive records and sought an injunction requiring USCIS to comply fully with those requests. Put simply, Louise Trauma Center's case is not moot because USCIS has yet to produce many of the complete records Louise Trauma Center requested.[4]

### C.    Administrative Exhaustion After Post-Lawsuit Production

Finally, USCIS argues that dismissal is appropriate because Louise Trauma Center must first exhaust its administrative remedies with respect to its claim that the agency improperly redacted the records produced. USCIS is mistaken.

As we have explained, Louise Trauma Center constructively exhausted its administrative remedies because USCIS failed to provide a "determination and the reasons therefor" within the requisite FOIA time limit. *See* 5 U.S.C. § 552(a)(6)(A). Louise Trauma Center is not required to jump through further administrative hoops simply because USCIS produced portions of the responsive records after this lawsuit was filed. *See Pollack v. Dep't of Just.*, 49 F.3d 115, 119 (4th Cir. 1995) ("[a]ny . . . administrative exhaustion requirement [for the agency's post-lawsuit determinations] was satisfied by the constructive exhaustion provision in the statute"); *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1031 (9th Cir. 2024) (concluding that "once a FOIA suit is properly initiated based on constructive exhaustion, an agency's post-lawsuit response does not require dismissal for failure to exhaust").

---

[4] The district court did not address whether USCIS met its statutory burden to justify withholding some of the records under FOIA. *See* 5 U.S.C. § 552(a)(4)(B). We also do not reach that issue here.

We decline to adopt USCIS's proposed rule under which an agency could deprive a requester—one that has satisfied the administrative exhaustion requirement—of a judicial remedy in the middle of a proceeding without producing the entirety of the responsive record. *Biear v. Att'y Gen. U.S.*, 905 F.3d 151, 158 (3d Cir. 2018). Dismissing a requester's lawsuit simply because an agency partially complied with its FOIA obligations would allow administrative agencies to engage in gamesmanship that would fundamentally undermine the FOIA timeliness requirement. *See Coleman*, 714 F.3d at 823; *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 190 ("[T]he statute does not allow agencies to keep FOIA requests bottled up for months or years on end while avoiding any judicial oversight."). Requiring administrative exhaustion for *post*-lawsuit agency responses could provide an incentive for agencies to forgo responding to requests unless and until requesters file suit. *Corbett*, 116 F.4th at 1031. Such a rule could also ensnare FOIA requesters in an administrative quagmire.

That would defeat the very purpose of FOIA. FOIA is grounded in "the fundamental principle of public access to Government documents." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989). The statute provides a mechanism to obtain "official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *EPA v. Mink*, 410 U.S. 73, 80 (1973). A critical part of that mechanism is the right to sue when an agency fails to respond to a FOIA request within the designated time limit. Enforcing the constructive exhaustion provision in this context is consistent

10

with FOIA's text and serves the statute's purpose by incentivizing agencies to respond within the required time limit.

## III.    Conclusion

For the reasons set forth above, we reverse the district court's order granting USCIS's motion to dismiss.

*REVERSED*